UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINZIE L. SMITH,

     Plaintiff,                      CIVIL ACTION NO. 08-12858

v.                                 DISTRICT JUDGE MARIANNE O. BATTANI
                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>:  Plaintiff's Motion for Summary Judgment should be DENIED, and

that of Defendant GRANTED, as there was substantial  evidence on the record that

claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

     Plaintiff filed an application for Social Security disability insurance benefits on

October 20, 2005, alleging that he had become disabled and unable to work on July 1,

2005, at age 46, due to severe back pain and a learning disability. Benefits were denied

by the Social Security Administration. A requested <u>de novo</u> hearing was held on November

19, 2007, before Administrative Law Judge (ALJ) Melvyn Kalt. The ALJ found that the

claimant retained the residual functional capacity to perform a limited range of sedentary

work providing a sit-stand option, which did not require operating heavy machinery. Plaintiff

was limited to simple, routine job duties requiring minimal direction from supervisors. The

Appeals Council declined to review that decision and Plaintiff commenced the instant action

for judicial review of the denial of benefits. The parties have filed Motions for Summary

Judgment and the issue for review is whether Defendant's denial of benefits was supported

by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing (TR 136). He had an eleventh grade education, and had been employed during the relevant past as a truck driver for a landscaping company (TR 136, 138). Plaintiff stated that he had poor reading, math and writing skills (TR 137). As a truck driver, he was required to be on his feet for most of the work day. He had to constantly handle and grasp large objects. He was required to lift upwards of 100 pounds on a regular basis (TR 52, 139).

Claimant stopped working in April 2005, when he was laid off (TR 38). Plaintiff declared that he became disabled in July 2005, as a result of severe back pain radiating into his lower extremities (TR 36, 140-141). Pain medications proved ineffective, but he did not suffer any side-effects (TR 141, 145). Plaintiff estimated that he could stand for 30 minutes, sit for 15 minutes, walk a quarter of a mile, and lift possibly 15 pounds (TR 142). He claimed that he was forced to lie down for several hours each day in order to get any pain relief (TR 141). The claimant spent his days at home watching television. He occasionally helped his wife with housekeeping, but he did not drive an automobile on a regular basis (TR 145-146).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as heavy, semi-skilled activity (TR 149). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 151). If he were capable of sedentary work, however, there were numerous unskilled assembly, inspection, packaging, clerical and sorting jobs that he could perform with minimal vocational adjustment (TR 150). These simple, routine jobs provided a sit-stand option, and did not require much concentration or reading ability. They did not expose the claimant to moving machinery (TR 149-150).

---

[1]The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 151).

2

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of a disorder of the lumbar spine and poor reading skills, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's poor reading skills limited him to simple, routine work that required  few operational steps to accomplish. The Law Judge found that Plaintiff required a sit-stand option, and that he should not be exposed to heavy machinery. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also

supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he retained the residual functional capacity for sedentary work activity, given his severe back pain and inability to read[2]. Defendant counters that the ALJ did not unreasonably reject claimant's credibility, and that the Plaintiff relied on medical evidence that was not properly before this Court.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling back pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

A physical examination of claimant's back in July 2005, revealed some low back tenderness, but there was no numbness in either extremity (TR 93). A month later, Dr.

---

[2]Plaintiff's asserted that he was illiterate, which required a finding that he was disabled (See pp. 9-10, 12-15 of Plaintiff's Brief in Support of Summary Judgment). However, testing conducted by Dr. Goldstein in 2007 indicated that he read at a third and fourth grade level (TR 112). Social Security regulations defines illiteracy as  the complete inability to read or write a simple message such as instructions or an inventory list. An illiterate person also has little or no formal education. 20 C.F.R. 404.1564(b)(1), 416.964(b)(1). In contrast, the claimant completed ten or eleven grades in school, and he performed semi-skilled past work as a truck driver making deliveries of landscaping materials (TR 136). The ALJ properly concluded that Plaintiff was not illiterate as that term is defined.

Fernando Diaz, a treating physician, reported that Plaintiff walked with a normal gait, enjoyed good reflexes, had proper motor function, and exhibited good strength in his arms and legs (TR 81, 84). Dr. Adel El-Magrabi, a consulting examiner, commented in October 2005, that the claimant could drive and shop with his back pain (TR 86). Despite limited ranges of spinal motion and some muscle spasms, Dr. El-Magrabi found no signs of muscle atrophy or sensory deficits[3] (TR 86-87). A month after a course of physical therapy recommended by the consulting doctor, Plaintiff was described as doing fine and responding well to conservative treatment (TR 89).

Samuel Goldstein, Ph.D., a licensed psychologist and vocational specialist, evaluated claimant in October 2007, at the request of claimant's attorney. Plaintiff read and spelled at a fourth grade level, and his math skills were developed to a sixth grade level (TR 112). Dr. Goldstein believed that claimant's limited academic skills prevented him from performing clerical-type work, but opined that they would not necessarily rule out other forms of employment (TR 113).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[4], who concluded that the

---

[3]Plaintiff attached to his Motion for Summary Judgment progress notes from Dr. El-Magrabi detailing treatment between October 2005 and October 2008. In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the medical evidence Plaintiff submitted to the Appeals Council (TR 123-128) and attached to his dispositive motion were not considered by the undersigned.

[4]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2008).

claimant could perform a restricted range of sedentary work, despite his back pain (TR 73-80). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his back pain were not fully credible.

There was no objective medical evidence suggesting that Plaintiff needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to simple, routine jobs requiring 1 to 3 step operations. The Law Judge further restricted claimant to jobs that provided a sit-stand option and did not expose him to heavy machinery.

Plaintiff relies heavily on the psychological evaluation from Dr. Goldstein that was submitted to the Appeals Council only (TR 123-125). Claimant argues that the Court should remand the case for further administrative consideration of this evidence. Contrary to Plaintiff's assertion, the February 26, 2008, report from Dr. Goldstein was not new nor material, so as to justify a remand for further administrative action[5]. To the extent these records described treatment Plaintiff received prior to the ALJ's December 2007 decision, and were available prior to that decision, they are not new. Finkelstein v. Sullivan, 496 U.S. 617, 626 (1990)(new evidence is evidence that was not in existence or available to the claimant at the time of the administrative proceeding). The psychological report submitted by Dr. Goldstein to the Appeals Council was generated for the express purpose of refuting the ALJ's decision. It was also cumulative to other clinical and objective findings already

---

[5]In order to satisfy the materiality requirement for a sentence six remand, Plaintiff must show that there was a reasonable probability that the ALJ would have reached a different conclusion on the issue of disability if he had been presented with the evidence prior to his decision. Sizemore v. Secretary, 865 F.2d 709, 711 (6th Cir. 1988).

considered by the Law Judge. As a result, there was nothing in the report to suggest that the ALJ would have come to a different disability conclusion if he had been presented with the evidence in the first place. Since the report was not new or material, remand under sentence six of the Social Security Act is inappropriate.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, inspection, packaging, clerical and sorting jobs that he could perform with minimal vocational adjustment (TR 150). These simple, routine jobs provided a sit-stand option, and did not require much concentration or reading ability. They did not expose the claimant to moving machinery (TR 149-150). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: February 13, 2009

---

## CERTIFICATE OF SERVICE

I hereby certify on February 13, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 13, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217